## Barr Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*John A. Mullican* and *Gilfillan, Gilpin & Brehman,* for petitioner.

*Henry E. Skaroff,* contra.

KLEIN, P. J., January 4, 1962.—Goldie Barr died on May 13, 1960, while a patient in Albert Einstein Medical Center. She left a will naming her son, Alex Barr, as executor, and leaving her entire estate to him.

On October 13, 1961, the Medical Center filed a petition in the orphans' court claiming a balance of $500.05, with interest from November, 1960, "on account of the hospitalization and medications adminis-

tered the said Goldie Barr as shown by a true and correct copy of the books of original entry, attached hereto, and made a part hereof." A responsive answer was filed by the executor. He challenges the correctness of the books of original entry and contends "that they clearly show that they have been altered." He alleges further that "the only indebtedness of the estate to the hospital is of the amount of $75 and that on August 29, 1961, a check of that amount was mailed to John A. Mullican, Esq., attorney for the petitioner, which check was refused and returned." He contends further that he is the sole heir and that the inheritance tax has been paid in full and consequently "there is no reason why a formal account should be filed."

In this case, as in the Estate of Laura Malvestuto, Deceased, no. 2192 of 1961, the Albert Einstein Medical Center submitted a bill for decedent's hospitalization and then later submitted another for a larger amount. We need not repeat here what we have said at considerable length in an opinion this day filed in the Malvestuto Estate, 25 D. & C. 2d 686.

Suffice to say, that in the present case, as in the Malvestuto case, the only possible need for an accounting would be to determine the validity of the claim of the medical center for the hospitalization of decedent. This issue could be resolved much easier and at less expense if suit were instituted in the county court. If a judgment were to be obtained in that court and payment refused, proceedings for an accounting could be properly instituted in the orphans' court.

It is clear from a study of the record before us that claimant's books of original entry have been altered to increase the indebtedness shown to be owing the center. This is a serious impeachment of petitioner's request for the accounting which it now seeks. Certainly the claimant, in view of this alteration in its

records, should affirmatively set forth in detail the correct factual situation upon which it relies, outlining in full the circumstances attending the alteration of its record in its petition for a citation.

The petition is therefore dismissed, without prejudice to the right of claimant to file an amended petition if the circumstances warrant.